

**1 OLD COUNTRY ROAD, SUITE 360 ● CARLE PLACE, NEW YORK 11514 ● TEL (516) 741-5222, FAX (516) 741-5212**

Friday, November 19, 2021

<u>*Via email*</u>

United States District Court
Eastern District of New York
Attn:   Hon. Kiyo A. Matsumoto, USDJ
225 Cadman Plaza, Courtroom 6C South
Brooklyn, New York 11201

**RE:**     <u>**Tenzer-Fuchs v Buy and Sell Fitness, L.L.C. 2:21CV4398 (KAM) (AKT)**</u>

Hon. Matsumoto:

This office represents the Defendants Buy and Sell Fitness, L.L.C..
The Defendants contend that the Plaintiff is a serial litigant, having filed no less than 87 litigations concerning the underlying subject matter; being the Americans with Disabilities Act ("ADA") by insufficient web pages.
First off, the Defendants fully acknowledge the ADA are vital and lifestyle improving measures to enrich the lives of disabled Americans. Barriers that prevent the disabled from participating in a full and enriching life have no place in civilized society. There is simply nothing more to be said about that.
Unfortunately, there is a segment that seek to take advantage and pervert the ADA, and they are known as serial litigants. In 2020, the Texas A&M Journal of Property Law published an article entitled: Enforcing the ADA and Stopping Serial Litigants... (Cameron Saenz, Enforcing the ADA and Stopping Serial Litigants: How the Commercial Real Estate Industry Can Play This Key Role, 6 Tex. A&M J. Prop. L. 171 (2020)) Granted, the underlying premise was concerning real estate and the ADA, but times do progress. This is by way of background, setting a frame of reference, not a substantive response to the instant request to move for a motion to dismiss the counter claims of abuse of process and malicious prosecution.

**Abuse of Process**
In its broadest sense, abuse of process may be defined as the misuse or perversion of regularly issued legal process for a purpose not justified by the nature of the process (*see Bd. of Ed. of Farmingdale Union Free School Dist. v. Farmingdale Classroom Teachers Ass'n, Inc., Local 1889 AFT AFL-CIO, 38* NY2d 397, 400, 343 N.E.2d 278, 380 N.Y.S.2d 635 [1975]). The elements of abuse of process are: "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of process in a perverted manner to obtain a collateral objective" (*Curiano v Suozzi*, 63 NY2d 113, 116, 469 N.E.2d 1324, 480 N.Y.S.2d 466 [1984]).



Tenzer-Fuchs v Buys and Sell Fitness, L.L.C. 2:21CV4398 (KAM) (AKT)
Friday, November 19, 2021

Despite some cases supporting the interpretation that the alleged abusive conduct must have occurred after service of process, the Court of Appeals has reminded that "nothing in this Court's holdings would seem to preclude an abuse of process claim based on the issuance of the process itself," although that issue has yet to be definitively resolved (*Parkin v Cornell Univ., Inc.*, 78 NY2d 523, 530, 583 N.E.2d 939, 577 N.Y.S.2d 227 [1991]). *Titan Capital ID, LLC v Eshaghpour*, 2016 NY Slip Op 31925[U], [Sup Ct, NY County 2016]

While public policy generally mandates free access to the courts, the court "will not tolerate the use of the legal system as a tool of harassment" [*Sassower v. Signorelli*, 99 A.D.2d 358, 359, 472 N.Y.S.2d 702 (2d Dep't 1984)]*Metro Sixteen Hotel, LLC v Davis*, 2016 NY Slip Op 32235[U], [Sup Ct, NY County 2016])

The Defendants respectfully asserts that the institution of proceedings no less than 87 times is an intent to do harm against the Defendant and others by the extraction of intrinsic settlement value, which is of itself a perversion of the ADA and a collateral objective of turning the ADA into a side hustle for serial litigants. While the Plaintiff properly points out that ADA testers are protected, the legislative intent cannot rationally be conceived as creating a cottage industry for serial litigants. If the Plaintiff can pass the standing test and there was actual injury, then process was not abused. If the Plaintiff cannot, given the Plaintiff's own history, then process may very well have been abused.

The Defendant acknowledges that protecting free access to the courts has also led the court to refuse to expand the tort of abuse of process to include the alleged improper filing of a lawsuit. ( *Oren Royal Oaks Venture* v. *Greenberg, Bernhard, Weiss & Karma, Inc., supra,* 42 Cal. 3d at p. 1170.) The court observed that if the filing of an action for an improper ulterior purpose were sufficient to state a claim, the probable cause element of the malicious prosecution tort would be negated. This would upset the established balance between the interest in being free from unjustified litigation and the interest in free access to the courts *Pac. Gas & Elec. Co. v Bear Stearns & Co.*, 50 Cal 3d 1118, 1133, 270 Cal Rptr 1, 9, 791 P2d 587, 595 [1990] The Defendant differentiates one improper filing, "a lawsuit", with 87, and equates the Plaintiff as a vexatious litigant against a class of merchants.

**Malicious Prosecution**

The elements of the common law malicious-prosecution cause of action have evolved over time as an appropriate accommodation between the freedom of an individual to seek redress in the courts and the interest of a potential defendant in being free from unjustified litigation. *Oren Royal Oaks Venture v Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal 3d 1157, 1169, 232 Cal Rptr 567, 575, 728 P2d 1202, 1209 [1986]

In the instant, the Defendant contends the Plaintiff is infringing on the Defendant's right to be free from unjustified litigation and contents that they are in a class of merchants similarly situated.



Tenzer-Fuchs v Buys and Sell Fitness, L.L.C. 2:21CV4398 (KAM) (AKT)
Friday, November 19, 2021

The Plaintiffs have an undisputable right to freely access the court to address their grievances. However, that right cannot force defendants to be a victim, a mere target without any teeth, if there are no reciprocal rights.

Yours, etc.,

MARSHAL SHICHTMAN & ASSOCIATES, P.C.

s/ *Marshal Shichtman, Esq.*
By:  Marshal Shichtman, Esq.[1], MBA, LLM

---

[1] Admitted to practice in the United States, State of New York; Solicitor in England & Wales.